IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, ) | C/A No. 0:15-216-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Bryant Stirling, *Director*; Anthony Padula, ) | |
| *Reg. Dir. P.C.I.*; Larry Cartledge, *Warden*; ) | |
| Associate Warden Mauney; Stephen Claytar, ) | |
| *A/W*; C. Early, *Major*; Educator Bratton; Cpt. ) | |
| Duffy, *C/O*; C/O Merck, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Thomas Harley, a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is an inmate at Perry Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Factual and Procedural History**

The Complaint alleges that Plaintiff provided Defendant Merck with medical records on December 11, 2014 to be copied for submission in a civil action, Harley v. Ward, C/A No. 0:13-2350-RBH (D.S.C. Sept. 4, 2013), pending in this court. (ECF No. 1 at 4.) Defendant Merck allegedly returned the documents to Plaintiff on December 15, 2014 and refused to make the copies. (Id.) The Complaint further complains that Defendant Merck violated a prison policy by requiring Plaintiff to provide his summons and federal complaint when making the request for copies. (ECF

Page 1 of 9

PJG

No. 1-2 at 4.) Plaintiff, who seeks monetary damages and injunctive relief, names the remaining defendants for their failure to correct Defendant Merck's behavior. (ECF No. 1 at 6-8; ECF No. 1-2 at 7.) In addition to his federal claims, Plaintiff alleges deliberate indifference and negligence, apparently under state law. (ECF No. 1-2 at 1.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319



(1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.     Exhaustion of Administrative Remedies

As an initial matter, it is clear from the face of the Complaint that Plaintiff filed this case prematurely before exhausting the administrative remedies offered by the South Carolina Department of Corrections.[1] (ECF No. 1 at 2.) The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d

---

[1] The court further notes that Plaintiff signed the Complaint on January 6, 2015, less than one month after the December 11, 2014 incident allegedly occurred. (ECF No. 1 at 4, 8.)



674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v.

Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).  In the present action, Plaintiff indicates that he did not file a grievance concerning Defendant Mercks's alleged denial of photocopies in December of 2014.  Thus, it is clear from the face of the pleading that Plaintiff submitted the instant case prior to exhaustion of his administrative remedies. Moreover, as discussed below, the Complaint is also subject to summary dismissal for Plaintiff's failure to state a claim under any of the constitutional provisions cited.

### 2.     First Amendment Claim

Inmates "have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim.  See Lewis v. Casey, 518 U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts.").  Further, an inmate must allege specific injury resulting from the alleged denial of court access.  See Lewis, 518 U.S. at 349; Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access").

In the present case, the Complaint asserts that Defendant Merck's actions prejudiced Plaintiff by requiring him to seek an extension of time to belatedly file the medical documents in his pending

PJG

civil action.² (ECF No. 1-2 at 5.) However, the Complaint provides no factual allegations to demonstrate that Plaintiff's pending civil action has been impeded or negatively impacted by Defendant Merck's alleged refusal to copy the medical records. As such, Plaintiff fails to state a cognizable claim under the First Amendment for denial of court access.

### 3. Deliberate Indifference Claim

As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)). Thus, under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir.1978) (overruled on other grounds by Bell v. Wolfish, 441 U.S. 520 (1979)); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements–that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.' " Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler, 989 F.2d at 1379). Further deliberate indifference is a very high standard, which requires more than a showing of mere negligence, see Estelle, 429 U.S. 97 at 105-06, and  "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). In the present case, Plaintiff cites to the Eighth Amendment (ECF No. 1 at 5; ECF No. 1-2 at 1), but provides no factual allegations to demonstrate that the defendants

---

² The court notes that Plaintiff filed a "Motion for Extension of Time to obtain copies and exhibits" in his pending case on December 22, 2014 and submitted medical documents in that case on December 29, 2014. See Harley v. Ward, C/A No. 0:13-2350-RBH (D.S.C. Sept. 4, 2013) (motion for extension and medical records docketed as ECF Nos. 100, 101).



were deliberately indifferent to any of Plaintiff's basic needs or that the defendants' actions rose to the level of an Eighth Amendment violation. Therefore, such claims are subject to summary dismissal.

### 4. Due Process Claim

A prisoner has no constitutional right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, the Complaint's due process claims, associated with the defendants' alleged failure to appropriately handle grievances Plaintiff filed prior to the December 2014 photocopying incident,[3] are subject to summary dismissal. Moreover, a violation of prison policy does not alone amount to a constitutional violation. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992). Accordingly, any due process claims raised against Defendant Merck for allegedly violating prison policy are likewise subject to summary dismissal.

### 5. State Law Claims

As Plaintiff's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over the state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

---

[3] Plaintiff references "Request to Staff Member" forms regarding the alleged denial of legal books, legal mail and/or copies in April, June, August and October of 2014. (ECF No. 1 at 6; ECF No. 1-3 at 5-13.)



### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

February 18, 2015  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).