UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas Harley, ) | Civil Action No.: 0:15-cv-00216-RBH |
|     Plaintiff, ) | |
| v. ) | **ORDER** |
| Bryant Stirling, Director; Anthony ) Padula, Reg. Dir., P.C.I.; Larry ) Cartledge, Warden; Associate ) Warden Mauney; Stephen Claytar, ) A/W; C. Early, Major; Educator ) Bratton; Cpt. Duffy, C/O; C/O ) Merck, ) | |
|     Defendants. ) | |

Plaintiff Thomas Harley, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. *See* Complaint, ECF No. 1. The matter is before the Court following the issuance of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[1] *See* R & R, ECF No. 12. The Magistrate Judge recommends the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance of service of process. R & R at 1, 8.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge conducted her review of Plaintiff's complaint in accordance with the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## DISCUSSION

### I.     The Magistrate Judge's R & R

After liberally construing Plaintiff's complaint, the Magistrate Judge determined Plaintiff asserted claims stemming from defendant Merck's (a correctional officer) refusal to photocopy documents that Plaintiff wanted to file in a previous § 1983 action[2] and from Merck's supervisors' (who are named as defendants) failure to correct Merck's behavior.  R & R at 1-2.  The Magistrate Judge discerned Plaintiff alleged § 1983 claims for violations of his First Amendment right of access to the courts, his Eighth Amendment right against deliberate indifference to his basic needs, and his Fourteenth Amendment right to due process.  *Id.* at 3-7.  The Magistrate Judge also determined Plaintiff alleged state law claims for deliberate indifference and negligence.  *Id.* at 2.

---

[2]  *Harley v. Cartledge*, No. CA 0:13-2350-RBH-PJG, 2014 WL 7895249 (D.S.C. Nov. 24, 2014), *report and recommendation adopted as modified*, No. 0:13-CV-02350-RBH, 2015 WL 727936 (D.S.C. Feb. 19, 2015).

The Magistrate Judge recommended the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance of service of process. R & R at 1, 8. As an initial matter, the Magistrate Judge recommended the Court dismiss Plaintiff's claims because he never filed a prison grievance and therefore failed to exhaust his administrative remedies. *Id.* at 4-5. Additionally, the Magistrate Judge recommended dismissing Plaintiff's First Amendment claim because he did not allege any injury arising from his contention that he was denied access to the courts, dismissing the Eighth Amendment claim because he did not allege a sufficient level of behavior to meet the deliberate indifference standard, and dismissing the Fourteenth Amendment due process claim because prisoners do not have a constitutional right to a prison grievance procedure and nonobservance of prison policy alone does not rise to the level of a constitutional violation. *Id.* at 5-7. Finally, the Magistrate Judge recommended that, if the Court dismisses Plaintiff's federal claims, the Court decline to exercise supplemental jurisdiction over his state law claims. *Id.*

## II.     Plaintiff's Objections to the R & R

Plaintiff filed timely objections to the R & R. *See* Pl.'s Objs., ECF No. 14. Having conducted a liberal construction of the objections, the Court identifies five specific objections Plaintiff makes to the R & R. First, Plaintiff objects to the Magistrate Judge's finding that he did not exhaust his administrative remedies before filing his § 1983 action, arguing prison officials deprived him of an opportunity to submit a valid grievance. Pl.'s Objs. at 11. Second, Plaintiff challenges the Magistrate Judge's finding that he did not suffer an injury from his alleged denial of access to the courts, and contends the motion for an extension of time he was forced to file in his other pending § 1983 case constituted an injury. *Id.* at 12. Third, Plaintiff objects to the Magistrate Judge's finding that he failed to allege sufficient facts to constitute a deliberate indifference claim.

*Id.* at 13-14. Fourth, Plaintiff disputes the Magistrate Judge's finding that, as a prisoner, Plaintiff had no constitutional right to a prison grievance procedure, and argues he has such a right under the First and Fourteenth Amendments. *Id.* at 14. Finally, Plaintiff protests the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over his state law claims. *Id.* at 15. For the reasons discussed below, the Court finds each objection lacks merit.

### A.     Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). If the prisoner's failure to exhaust administrative remedies is apparent from the face of the complaint, sua sponte dismissal of the complaint by the Court is appropriate. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005).

Plaintiff claims prison officials deprived him of the opportunity to file a grievance. Pl.'s Objs. at 11. Plaintiff's argument, however, is contradicted by his own allegations in the complaint. In his complaint, Plaintiff indicated there is a prisoner grievance procedure in place at the correctional institution where he is housed, and specified he had not filed a grievance before filing his complaint. Complaint at 2 (showing Plaintiff checked "Yes" next to the question "Is there a prisoner grievance procedure in this institution?"). Furthermore, the attachments that Plaintiff has included with his objections indicate he had the opportunity on multiple occasions to obtain

4

clarification on the proper procedure for resolving his complaints. *See* ECF No. 14-2 (attachment containing copies of Plaintiff's "Request to Staff Member"). It is clear that Plaintiff had access to a grievance procedure, yet did not file a grievance before filing the instant complaint. Because it is apparent from the face of the complaint that Plaintiff had an administrative remedy available to him for resolving his issue but did not pursue that remedy, dismissal of Plaintiff's complaint for failure to exhaust his administrative remedies is appropriate.

### B.     Injury Under the First Amendment

Under the First Amendment, inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner bringing a claim for denial of access to the courts must show an actual, specific injury. *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993); *Magee v. Waters*, 810 F.2d 451, 452-53 (4th Cir. 1987). "It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts . . . ." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see Strickler*, 989 F.2d at 1383-84 n.10 (stating a prisoner bringing a denial of access to the courts claim must "show specific harm or prejudice from the allegedly denied access" and noting the "'injury' requirement [imposed] on prisoners raising access to courts claims").

Here, Plaintiff's sole allegation of injury related to denial of access to the courts is that he was forced to file a motion for an extension of time in another pending case after Merck refused to copy his paperwork. ECF No. 1-2 at 5. The Court agrees with the Magistrate Judge that Plaintiff has not alleged an actual injury or specific harm that resulted to him by his having to request an extension of time. *See* R & R at 5-6. In reality, Plaintiff's action of moving for an extension of time illustrates his adequate access to the courts. Because Plaintiff has failed to allege an actual injury, summary dismissal of Plaintiff's First Amendment claim is appropriate.

### C.     Deliberate Indifference Claim

Plaintiff challenges the Magistrate Judge's finding that he failed to allege sufficient facts to constitute a deliberate indifference claim under the Eighth Amendment.  Pl.'s Objs. at 13-14.  He claims that because he has alleged "defendant Merck was indifferent to my litigating my case" (i.e., preventing Plaintiff from photocopying documents in his previous § 1983 case), he has stated a claim for deliberate indifference.  *Id.* at 13.  Plaintiff appears to argue that Merck's indifferent action contributed to the unfavorable disposition of his previous § 1983 case.  *Id.*; *see Harley v. Cartledge*, No. 0:13-CV-02350-RBH, 2015 WL 727936, at *3 (D.S.C. Feb. 19, 2015) (granting the defendants' motion for summary judgment and dismissing Harley's complaint with prejudice as to his § 1983 claims).  The Court agrees with the Magistrate Judge that Plaintiff has not stated an Eighth Amendment deliberate indifference claim.  An allegation that a prison correctional officer (in this case, Merck) prevented an inmate from photocopying documents does not rise to the level of an unconstitutional condition of confinement as contemplated by the Eighth Amendment.  *See Strickler*, 989 F.2d at 1381-82 (stating a prisoner asserting unconstitutional conditions of confinement must demonstrate he suffered a *serious or significant physical or mental injury* as a result of the challenged condition); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("A two-pronged showing is necessary to demonstrate a prima facie Eighth Amendment violation with respect to prison conditions: (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." (internal citation omitted)).  The Court therefore overrules Plaintiff's objection.

### D.     Constitutional Right to a Prison Grievance Procedure

In objecting to the Magistrate Judge's finding that he has no constitutional right to a prison grievance procedure, Plaintiff argues he has such a right under the First and Fourteenth

6

Amendments to the United States Constitution and claims that right was violated when Merck did not comply with prison policy. Pl.'s Objs. at 14. Plaintiff's argument founders under the well-established precedent cited in the Magistrate Judge's R & R. R & R at 7; *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (stating a prisoner has no constitutional right to a prison grievance procedure); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (indicating the violation of a prison policy does not itself amount to a constitutional violation). The Court agrees with the Magistrate Judge that summary dismissal is appropriate as to Plaintiff's due process claim concerning Merck's alleged violation of prison policy.

### E.    State Law Claims

Plaintiff's final objection relates to the Magistrate Judge's recommended finding regarding the disposition of Plaintiff's state law claims. Pl.'s Objs. at 15. The Magistrate Judge recommends that if the Court summarily dismisses Plaintiff's federal claims, then the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. R & R at 7. Based upon the above disposition of Plaintiff's federal claims, the Court agrees with the Magistrate Judge's recommendation and summarily overrules Plaintiff's final objection.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, and applicable law. For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objections, finds no error in the R & R, and adopts and incorporates the R & R [ECF No. 12] by reference.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED** *without prejudice and without issuance of service of process.*

**IT IS SO ORDERED.**

Florence, South Carolina                                            s/ R. Bryan Harwell
August 24, 2015                                                     R. Bryan Harwell
                                                                    United States District Judge

8